RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE 12/16/14
BY Dm

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

---

JOSEPH BARBER, JR., et al          CIVIL ACTION NO: 12-2232

VERSUS                              JUDGE DONALD E. WALTER

CEDRIC GLOVER, et al                MAG. JUDGE MARK L. HORNSBY

---

## MEMORANDUM RULING

Before the Court are the following two motions: Motion for Partial Summary Judgment, filed by Defendants City of Shreveport, Mayor Cedric Glover, Shreveport Police Chief Willie Shaw, Officer C.E. Temple, Officer W.R. Goodin, Officer D.K. Goodwin, and Officer Francis Mogavero, in his official capacity (collectively, "the City Defendants") [Doc. #42]; and Motion for Summary Judgment, filed by Defendant Francis Mogavero, in his individual capacity ("Mogavero"). [Doc. #43]. Plaintiffs, Joseph Barber, Jr. and Brenda Barber (collectively, "Plaintiffs" or "the Barbers"), oppose Mogavero's motion for summary judgment [Doc. #52]; however, Plaintiffs advised the Court that there was no opposition to the City Defendants' motion for partial summary judgment. For the reasons that follow, the City Defendants' motion [Doc. #42] is **GRANTED**, and Defendant Mogavero's motion [Doc. #43] is hereby **DENIED**.

## STATEMENT OF THE CASE

Plaintiffs filed this lawsuit, pursuant to 42 U.S.C. §1983, alleging violations of Joseph Barber, Jr.'s rights under the Fourth and Fourteenth Amendments to the United States Constitution. Mr. Barber alleged that he sustained injuries as a result of the unconstitutional conduct of several law enforcement officers when they seized him and subjected him to excessive force. Named as

1

defendants herein are the City of Shreveport, Shreveport Mayor Cedric Glover, Shreveport City Police Chief Willie Shaw, Officer Francis Mogavero, Officer C.E. Temple, Officer W.R. Goodin, and Officer D.K. Goodwin. All officers, other than Mogavero, are named only in their official capacity as police officers for the City of Shreveport. Officer Mogavero is named in both an individual and official capacity.

On September 3, 2011, Plaintiffs, who are both residents of Zachary, Louisiana, attended the Port City Classic football game at Independence Stadium in Shreveport, Louisiana. At some point during the football game, Mr. Barber visited a concession stand inside the stadium. After ordering, paying for, and receiving his food, Mr. Barber became involved in a verbal altercation with a salesperson at the concession stand. Mr. Barber claims that he was dissatisfied with the food he received and desired a refund, at which point a dispute arose over the amount of money tendered for the food versus what was offered as a refund. Mr. Barber believed that he had originally given the salesperson a twenty dollar bill and became upset when the salesperson offered him a refund of only ten dollars.

Officer Mogavero, who was nearby and acting in the course and scope of his employment as a police officer for the City of Shreveport, was summoned to the scene by Ethel Mitchell, one of the concession stand workers. The officer's initial impression of Mr. Barber was that Barber was intoxicated.[1] Officer Mogavero contends that Mr. Barber continued to argue with the sales people, refused Officer Mogavero's instructions to step away from the stand, and snatched his arm away from Officer Mogavero's hand, acting hostile and aggressively toward the situation. This indicated

---

[1] It is undisputed that Mr. Barber had approximately three Jack Daniels and Coke on the bus traveling to the game and had two 16oz. beers while tailgating. However, Plaintiffs contest whether Mr. Barber was publicly drunk or intoxicated. *See* Docs. ## 46 and 52-1.

2

to Officer Mogavero that Barber was resisting arrest, after which Officer Mogavero claims Mr. Barber was struck once in the face and once in the chest. Plaintiffs contend that Officers Temple and Goodin observed, from a short distance, Officer Mogavero striking Mr. Barber in the face and failed to make any attempts to get Officer Mogavero to back off. Mr. Barber contends that he was compliant with and responsive to Officer Mogavero, that he did not act in a belligerent manner toward Officer Mogavero, and that he did not resist arrest. Mr. Barber was ultimately arrested and charged with simple assault and public intoxication. He was transported to jail, posted bail, and returned home with Ms. Barber to Zachary, Louisiana.

During the course of Officer Mogavero's interaction with Mr. Barber, Mr. Barber sustained facial injuries. As a result thereof, Mr. Barber contends that he was diagnosed with multiple left eye orbital fractures (orbital blowout), requiring surgery and resulting in vision problems, nasal and sinus complications and dental issues. Mr. Barber further claims to have suffered permanent nerve damage resulting in numbness to the left side of his face. As to Ms. Barber, she claims to have sustained damages resulting from this incident, including but not limited to mental anguish and loss of enjoyment of life.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(a) directs that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[2] An issue is "genuine" if "the evidence is

---

[2] Rule 56 was amended effective December 1, 2010. Per the comments, the 2010 amendment was intended "to improve the procedures for presenting and deciding summary-judgment motions and to make the procedures more consistent with those already used in many courts. The standard for granting summary judgment remains unchanged." Therefore, the case law applicable to Rule 56 prior to its amendment remains authoritative, and this court will rely on it accordingly.

such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue can be resolved only by a trier of fact because it may be resolved in favor of either party. *Id.* at 248-49. A fact is "material" if it can "affect the outcome of the suit under the governing law." *Id.* Facts that are irrelevant or unnecessary for determination of the suit should not be considered. *Id.* The substantive law will determine which facts are "material." *Id.*

The burden of proof in a summary judgment proceeding is on the party moving for summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). When a defendant moves for summary judgment on the plaintiff's claim, he may satisfy the summary judgment burden in one of two ways: (1) show there is no evidence to support an essential element of the plaintiff's claim, or (2) submit summary judgment evidence that negates one of the essential elements of the plaintiff's claim. *Celotex*, 477 U.S. at 322-24; *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990). If the motion is properly made, the plaintiff "must set forth facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250. The plaintiff "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted). The court is to resolve all reasonable doubts about the facts in favor of the plaintiff. *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 456 (5th Cir. 2005).

Pursuant to Local Rule 56.1, the moving party shall file a short and concise statement of the material facts as to which it contends there is no genuine issue to be tried. Local Rule 56.2 requires that a party opposing the motion for summary judgment set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." All material facts set forth

in the statement required to be served by the moving party "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." Local Rule 56.2. Because Plaintiffs filed no opposition to the City Defendants' motion for partial summary judgment, all material facts set forth by the City Defendants will be deemed admitted for purposes of the motion for partial summary judgment.[3]

## LAW AND ANALYSIS

"To state a claim under 42 U.S.C. §1983, 'a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.'" *Randolph v. Cervantes*, 130 F.3d 727, 730 (5th Cir. 1997) (citing *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994)). Here, Plaintiffs have alleged that Mr. Barber sustained injuries as a result of the unconstitutional conduct of several law enforcement officers when they seized him and subjected him to excessive force.

### City Defendants' Motion for Partial Summary Judgment

As mentioned, all named officers other than Francis Mogavero, were sued only in their official capacities. The United States Supreme Court has "emphasized that official-capacity suits 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)(internal citation omitted)). Therefore, this lawsuit, as it relates to all officers in their official capacities, is essentially one and the same as the action against the City of Shreveport. "Section 1983 offers no *respondeat superior* liability. Municipalities face §1983 liability 'when

---

[3] *See* Doc. #42-2 (City Defendants' statement of uncontested facts).

execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury[.]'" *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002)(quoting *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694 (1978)). "Proof of municipal liability sufficient to satisfy *Monell* requires: (1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy (or custom)." *Id.* (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).

For purposes of the motion for partial summary judgment, the following facts are deemed admitted. It is not the policy or practice of the Shreveport Police Department ("SPD") to use excessive, unnecessary, or unreasonable force. Officers of the Shreveport Police Department are trained in the proper use of force, and are instructed to only use the amount of force that the officers believe is necessary under the circumstances. The use of excessive force is not tolerated, and allegations of excessive force are investigated and discipline issued where warranted. It is not the policy or practice of the SPD to arrest without probable cause, and officers are trained regarding probable cause and instructed to arrest only when probable cause exists. SPD officers are likewise instructed that reasonable suspicion is required to detain a suspect. Based on the admission of these facts, Plaintiffs have failed to make viable allegations against the City of Shreveport or any SPD officers in their official capacities. Accordingly, Plaintiffs' §1983 claims against the City Defendants must be dismissed.[4]

The City Defendants also move for summary judgment on Plaintiffs' claims for punitive

---

[4] Again, the City Defendants include the City of Shreveport, Mayor Cedric Glover, Chief Willie Shaw, Officer C.E. Temple, Officer W.R. Goodin, Officer D.K. Goodwin, and Officer Francis Mogavero, in his official capacity only.

damages under both federal and state laws. Although Plaintiffs' claims for punitive damages in relation to the §1983 claims are rendered moot based on the above dismissal, such damages would nevertheless be unavailable. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981)(holding "that a municipality is immune from punitive damages under 42 U.S.C. § 1983."*)*. The City Defendants are likewise correct that, "[i]n Louisiana, there is a general public policy against punitive damages[.]" *Ross v. Conoco, Inc.*, 2002-0299 (La. 10/15/02), 828 So. 2d 546, 555. "[T]hus, a fundamental tenet of [Louisiana] law is that punitive or other penalty damages are not allowable unless expressly authorized by statute." *Id.* Accordingly, Plaintiffs' claims against the City Defendants for punitive damages, under both federal and state law, are dismissed.

### **Defendant Mogavero's Motion for Summary Judgment, in his individual capacity**

Also before the Court is a motion for summary judgment, filed by Defendant, Officer Francis Mogavero, in his individual capacity. Officer Mogavero seeks to have all claims against him dismissed with prejudice and relies on the depositions of himself and Plaintiff Joseph Barber, Jr. in support thereof. In response to Plaintiffs' claims against Officer Mogavero for false arrest and use of excessive force, Officer Mogavero makes the following arguments: that he had reasonable suspicion to question and investigate Mr. Barber about the incident at the football game and probable cause to arrest Mr. Barber for simple assault and public drunk; that he was entitled to use reasonable force to restrain Mr. Barber when he became aggressive during the investigation; and that he is entitled to qualified immunity on the claims stated against him in his individual capacity.

It is true that "[q]ualified immunity is an immunity from suit rather than a mere defense

to liability." *Pearson v. Callahan*, 555 U.S. 223, 237 (2009) (internal citation omitted). "There are two steps in the qualified immunity analysis: (1) the court first determines whether the plaintiff has alleged the violation of a statutory or constitutional right; (2) the court then determines whether the defendant's actions violated clearly established statutory or constitutional rights of which a reasonable person would have known." *Bush v. Strain*, 513 F.3d 492, 500 (5th Cir. 2008) (citing *Flores v. City of Palacios*, 381 F.3d 391, 395 (5th Cir. 2004) (internal citations omitted)). "The principles of qualified immunity shield an officer from personal liability when an officer reasonably believes that his or her conduct complies with the law." *Pearson*, 555 U.S. at 244. "If, upon viewing the evidence in the light most favorable to the [Plaintiffs], reasonable public officials could differ on the lawfulness of the defendant's actions, the defendant is entitled to qualified immunity." *Southard v. Tex. Bd. of Criminal Justice*, 114 F.3d 539, 550 (5th Cir. 1997). This inquiry is an objective one, not dependant on the particular officer's subjective beliefs. *See Anderson v. Creighton*, 483 U.S. 635 (1987).

The Fourth Amendment right to be free from excessive force during a seizure is clearly established. *See Graham v. Connor,* 490 U.S. 386, 396 (1989) and *Tarver v. City of Edna*, 410 F.3d 745, 753 (5th Cir. 2005). The United States Supreme Court explained this right, as follows, in *Graham v. Connor*:

> [T]he right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it. Because "[t]he test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application," however, its proper application requires careful attention to the facts and circumstances of each particular case, including [1] the severity of the crime at issue, [2] whether the suspect poses an immediate threat to the safety of the officers or others, and [3] whether he is actively resisting arrest or attempting to evade arrest by flight.

490 U.S. at 396 (citations omitted). "Excessive force claims are [thus] necessarily fact-intensive"

8

and "depend[ ] on the facts and circumstances of each particular case." *Deville v. Marcantel*, 567 F.3d 156, 167 (5th Cir. 2009) (per curiam) (internal quotation marks omitted) (quoting *Graham*, 490 U.S. at 396). Genuine disputes of material facts exist surrounding the circumstances of Mr. Barber's arrest and interaction with Officer Mogavero, such that Officer Mogavero has not demonstrated that he is entitled to qualified immunity on Plaintiffs' excessive force claim.

Similarly, the Court cannot grant Officer Mogavero qualified immunity on the false arrest claims at this stage in the litigation. It is undisputed that Officer Mogavero arrested Mr. Barber and charged him with simple assault, in violation of Louisiana Revised Statutes §14:38,[5] and public intoxication, in violation of Shreveport City Ordinance Sec. 50-152.[6] For the Plaintiffs to prevail on a §1983 false arrest or false imprisonment claim, they must show that Officer Mogavero did not have probable cause to arrest Mr. Barber. *See Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir. 2001) ("The 'constitutional torts' of false arrest ... and false imprisonment ... require a showing of no probable cause."). Probable cause exists "when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Glenn v. City of Tyler*, 242 F.3d 307, 313 (5th Cir. 2001) (internal quotation and citation omitted). Although the fact that Mr. Barber has admitted to consuming a substantial amount of alcohol prior to his interaction with Officer Mogavero is probative, it is not dispositive of the issue before the Court. Plaintiffs have pointed to specific statements in the depositions of both

---

[5] La. R.S. §14:38(a) provides that "[s]imple assault is an assault committed without a dangerous weapon."

[6] Sec. 50-152(a) provides that "[i]t shall be unlawful for any person to be intoxicated on the streets of the city, in any public place within the limits of the city, or at any public dance or any public gathering in the city."

Ethel Mitchell, as well as Officer Mogavero, that collectively rise to the level of creating a genuine dispute as to material facts regarding whether or not Officer Mogavero had probable cause to arrest Mr. Barber.[7]

## CONCLUSION

For the reasons stated herein, the City Defendants' Motion for Partial Summary Judgment [Doc. #42] is hereby **GRANTED**. Plaintiffs' §1983 claims, as well as all claims for punitive damages, against the City Defendants are hereby **DISMISSED WITH PREJUDICE**. Defendant Mogavero's Motion for Summary Judgment [Doc. #43] is hereby **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 16 day of December, 2014.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

---

[7] *See* Doc. #52-1, ¶¶ 5, 9, and 15.